# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | 2:19-cr-00030-JMS-CMM-5 |
|     vs. ) | |
| ) | |
| KYRA GRINDLE, ) | |
|     Defendant ) | |

## AMENDED* REPORT AND RECOMMENDATION

On June 27, 2025, the Court held a final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on May 16, 2025 [Dkt. 526]. An initial hearing was held May 22, 2025. Ms. Grindle ("Defendant") appeared with FCD counsel, Sam Ansell. The Government appeared by Samantha Spiro, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit to Violation Numbers 1 and 2. Violation 3 will be dismissed by the United States.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

    1.    The defendant was advised that on May 19, 2025, this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the magistrate judge's recommendation.

    2.    After being placed under oath, Defendant advised that she consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations 1 and 2.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

Violation Number          Nature of Noncompliance

1. "You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."

    On April 30, 2025, Ms. Grindle submitted a urine drug test that returned positive for amphetamine and cannabinoids. As previously reported, on April 1, 2025, Ms. Grindle submitted a urine drug that tested positive for methamphetamine, marijuana, and fentanyl. On June 24, and September 23, 2024, submitted a urine drug test that returned positive for methamphetamine and marijuana.

2. "You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."

    On May 5, 9, 12, and 14, 2025, Ms. Grindle failed to report to her intensive outpatient treatment program. As previously reported, on September 20, 2024, Ms. Grindle left Anabranch Recovery in Terre Haute, before completing the program.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **II**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **6-12** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

    (a) The Defendant violated the supervised release condition as alleged in Violations 1 and 2;

2

(b) Consistent with the parties' agreement, the Magistrate Judge recommends that the defendant be sentenced to a term of supervised release for three years with the added condition of 60 days* of home detention at the outset of the sentence;

(c) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.   While the agreement calls for sentence less that the guideline range, the evidence presented at the final hearing demonstrates genuine efforts on the defendant's part to overcome drug addiction.  In the space of 30 days she has successfully completed a current round on intensive rehabilitation and has had no positive drug screens.  The difference is apparent in her appearance and manner.  The Government and the probation officer have urged the Court to take this lenient route in hopes that the defendant will continue the current trajectory—one she acknowledges is important and for which she is grateful.

Defendant shall remain under supervision pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated:  July 2, 2025

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:  All ECF-registered counsel of record via email generated by the court's ECF system

3